**Steven R. NORTHWAY, Appellant,**

v.

**Donna Lu MADSEN, et al.,
Respondents.**

No. C5-85-2247.

Court of Appeals of Minnesota.

July 22, 1986.

Theodore K. Abe, Minneapolis, for appellant.

Henry A. Cousineau, Jr., Mark A. Gwin, Minneapolis, for respondents.

Heard, considered, and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Appellant was injured when his motorcycle collided with respondent's car. The jury found each party to be 50% negligent and found total damages of $2,500. Northway appeals the denial of his motion for a new trial, or for new trial on damages alone, or for additur. We affirm.

## FACTS

On July 10, 1980, Donna Lu Madsen was northbound on Zane intending to turn west on 42nd Avenue. She pulled into the intersection and stopped, waiting to enter westbound traffic, when Steven Northway, driving his motorcycle east on 42nd Avenue, collided with the wheel area at the front of Madsen's car. Northway was thrown from the cycle and his head struck Madsen's car. He was not wearing a helmet. He received a large hematoma on the head, with pain in the head and neck, and injured his thumb.

Appellant's medical expert testified that Northway had a 5% permanent injury to his spine and a 5% permanent injury to his thumb. Northway testified to the following damages: motorcycle repair: $1,324.30; medical expenses: $3,707.63; and lost wages: $1,912.35; for a total of $6,944.28.

The jury found that respondent and appellant were each 50% negligent. They found appellant's total damages to be $2,500.

## ISSUE

Was the jury verdict given under the influence of passion and prejudice, or not justified by the evidence under Minn.R. Civ.P. 59.01?

## ANALYSIS

■ Only where a verdict is so inadequate or excessive that it could only have been rendered on account of passion or prejudice will the appellate court interfere. *Krueger v. Knutson*, 261 Minn. 144, 154, 111 N.W.2d 526, 533 (1961). A new trial may be granted for certain reasons, including excessive or insufficient damages that appear to have been given under the influence of passion or prejudice; or if the verdict is not justified by the evidence, or is contrary to law. Minn.R.Civ.P. 59.01; *see* D. Herr and R. Haydock, Minnesota Practice § 59.1 (West 1985).

■ In addition to the general negligence instruction, the trial court gave the following instruction based upon Minn.Stat. § 169.974, subd. 6 (1980):

In an action to recover damages for negligence resulting from any head injury to an operator or passenger of a motorcycle, evidence of whether or not the injured was wearing protective head gear that complied with standards established by the Commissioner of Public Safety shall be admissible only with respect to the question of damages for the head injuries.

Since there was no objection to this instruction, it becomes the law of the case.

The evidence here was clearly adequate to support the jury's finding that each party was 50% negligent. We address only the reasonableness of the damage award.

Of the total medical expenses of $3,442.47, the only specific figure broken down was for surgical repair of the thumb for $336. Although the special damages figures were not contested, the nature and extent of the injuries from this accident were. As the trial court observed in its memorandum, plaintiff testified to prior

and subsequent neck and back injuries and was active shortly after the accident in roofing his parents' home and in athletic activities. Northway testified he rode his cycle on dirt paths, helped lay cement, shoveled snow off the roof, and was otherwise active.

At the time of the accident, appellant hit his head on the fender of the car with which he collided. He received a large hematoma on his head, and much of his medical expense appears to have been incurred for multiple evaluations and treatment of this area.

■ Appellant did not wear protective head gear and the jury was instructed it could reduce any damages for head injuries to the extent that those injuries could have been avoided by wearing a helmet. Contrary to appellant's assertion, we do not believe expert testimony is required before a jury can make this determination. The trial court, in its memorandum, noted that appellant's credibility as to the extent of his neck and back injuries was for the jury to decide. His credibility was also for the jury to decide with respect to the time he was off work as a result of the accident. Although the jury was conservative in its award, the trial court concluded the verdict was not given under the influence of passion or prejudice. A trial court, faced with a motion for a new trial on the grounds of insufficiency of damages, has a practical advantage over an appellate court. *Pomije v. Scheiber*, 371 N.W.2d 596, 600 (Minn.Ct. App.1985).

> A trial court's denial of a motion for a new trial on the grounds of inadequacy of damages will not be overturned except in the most unusual circumstances which constitute a clear abuse of discretion.

*Id.* at 600 (citing *Krueger v. Knutson*, 261 Minn. 144, 154, 111 N.W.2d 526, 533 (1961)).

■ The jury could have found from both Dr. Osland's medical evaluation and other medical records introduced at trial that the majority of appellant's treatment was the result of head-related injuries. In awarding $2,500, the jury could have found that other damages would not have been incurred if appellant had worn a helmet. The trial court did not err in concluding that the jury properly applied the jury instruction based on Minn.Stat. § 169.974, subd. 6.

## DECISION

We affirm the decision of the trial court.